UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-45-FDW

| WILLIE T. BOBBITT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| DAVID GUINN, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint which was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina and he is presently confined in the Alexander Correctional Institution within this district. According to the website of the North Carolina Department of Public Safety, Plaintiff is scheduled for release from custody on September 15, 2017.

In his complaint, Plaintiff alleges that on December 16, 2013, he was in a depressed mood and resolved to commit suicide by swallowing four pieces of metal. A few hours after ingesting the pieces he noticed that he was passing blood when he urinated and he declared an emergency sick call. Plaintiff provided a urine sample to Nurse Lane, and he was later examined by physician assistant (PA) David Guinn who proceeded to check his vital signs and his blood sugar. (5:14-cv-45, Doc. No. 1: Complaint at 3).

On December 17, 2013, Nurse Boltz obtained a second urine sample from Plaintiff and like the first sample, it contained traces of blood. However, Plaintiff complains that despite the presence of blood neither PA Guinn nor Dr. Kalinski wrote orders for further evaluation. (Id. at

1

4). Between December 16 and December 19, Plaintiff declared four medical emergencies, and he was given an X-ray on December 20, 2013. (Id.)[1]

On January 13, 2014, Plaintiff filed a written grievance complaining about the treatment "orders" that Defendant Guinn failed to write after Plaintiff ingested the pieces of metal, and further, about the lack of orders that were written after Plaintiff was provided with an X-ray.[2] In his grievance, Plaintiff states that Guinn "displayed bad judgement [sic] and unprofessionalism." (Id., Doc. No. 7 at 1-2). In a written response dated January 29, 2011, the grievance examiner noted that a visit to the emergency room was not immediately recommended after the December 16th incident. Instead, the medical provider recommended that Plaintiff be evaluated further within the prison's medical system. The examiner further noted that the last sick call that Plaintiff submitted after his December 20th X-ray was on January 14, 2014, and this sick call concerned Plaintiff's "Dr. 2 shoes." (Id. at 4). Last, in the Step One response, the grievance examiner informed Plaintiff that if he was still experiencing issues then he should follow the sick call procedures. Plaintiff appealed and it was recommended in the Step Two response that Plaintiff's grievance be dismissed as without merit and his grievance was ultimately dismissed on his appeal in Step Three by written notification dated March 25, 2014. (Id. at 4-5).

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] The Court has examined Plaintiff's prisoner trust account, which he has filed in this action, and the statement details the specific dates on which he declared emergency sick calls between December 16th and December 19th. The Court has also examined Plaintiff's documents which he filed that provide an account of his participation in the Department of Public Safety's mandatory administrative remedy procedure. The Court may "consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The Court finds that the documents that Plaintiff has filed in support of his complaint are authentic and integral to a consideration of Plaintiff's allegations.

[2] In North Carolina, State prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

2

governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

In his § 1983 complaint, Plaintiff contends that he was not receiving appropriate medical treatment because medical providers within Alexander Correctional did not follow medical protocol after he allegedly ingested metal objects.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, the plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mount Rainer, 238 F.3d 567, 575-76 (2001) (citing White ex rel. White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference . . . implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice."). To be sure, "[a] delay in

3

treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." Abraham v. McDonald, 493 F. App'x 465, 466 (4th Cir. 2012) (per curiam) (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). See also Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished) ("Under the applicable legal principles, a significant delay in the treatment of a serious medical condition may, in the proper circumstances, indicate an Eighth Amendment violation.") (citing Estelle, 429 U.S. at 104-05) (a prisoner may make a showing of deliberate indifference by alleging that defendants were "intentionally denying or delaying access to medical care.").

Plaintiff notes, and the record demonstrates, that he was evaluated at least four times after he allegedly ingested the foreign objects: two urine screens, an examination by PA Guinn and an X-ray following his placing of the emergency sick calls just days after the December 16th incident. Plaintiff also notes that he participated in the prison's administrative remedy procedure but his appeal from the initial adverse recommendation was denied and "rubber stamped by the institution, then again in Raleigh at the Regional level." (Doc. No. 1: Complaint at 5). The prisoner trust statement provides that there were no sick calls placed by the Plaintiff after he was X-rayed until weeks later. Additionally, Plaintiff's complaint describes no sick calls, emergency or otherwise, after the December 19th call that were addressed to his alleged ingestion of foreign objects, yet he insists that the failure to follow "medical protocol" has violated his Eighth Amendment rights. Yet, Plaintiff does not articulate what physical injury he has suffered after he was X-rayed, rather he contends in conclusory fashion that defendants' actions have caused continuing, irreparable harm. (Id.).

It is apparent that Plaintiff received medical treatment in response to his emergency sick calls and then it appears that he became silent and filed no further sick calls in an effort to complain of pain from the items he allegedly ingested. "[S]ociety does not expect that prisoners

4

will have unqualified access to health care;" thus to implicate the protections of the Eighth Amendment, the deliberate indifference must be sufficiently serious. Hudson v. McMillian, 503 U.S. 1, 9 (1992). And mere disagreement with the course of medical treatment will not support an Eighth Amendment claim for deliberate indifference to serious medical needs. Estelle, 429 U.S. at 97; Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). Plaintiff's contention that one or more of the defendants have been deliberately indifferent is simply not supported by the record. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cri. 1990), overruled in part on other grounds by, Farmer v. Brennan, 511 U.S. 825, 837 (1994)). At best, Plaintiff's complaint could state a claim for negligence however that is insufficient to support a finding of deliberate indifference in a § 1983 action. See Young, supra ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.") (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

The Court finds that Plaintiff has expressed frustration and disagreement with the course of treatment that was prescribed by medical personnel but he fails to allege facts that he suffered pain or suffering after his December 20th X-ray and it does not appear from this record that he ever submitted another sick call request regarding this incident in an effort to secure further treatment. In fact, Plaintiff waited until January 13, 2014, or some three weeks after his X-ray to submit his written grievance and in response to the grievance the examiner specifically encouraged him to file a sick call request if he was still experiencing issues with regard to the ingested material. Based on the foregoing, the Court concludes that Plaintiff has failed to state a claim of deliberate indifference to serious medical needs under the Eighth Amendment and the complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED**. (Doc. No. 4).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 3, 2014

Frank D. Whitney
Chief United States District Judge